UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rachel Kahn, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br><br><br>　-v.-<br>Alltran Financial LP,<br><br>　　　　　　　Defendant(s). | C.A. No: 7:22-cv-2651<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Rachel Kahn (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Alltran Financial LP (hereinafter "Defendant Alltran Financial" or "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Alltran Financial is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA, with an address for service of process at CT Corporation System, 28 Liberty St, New York, NY 10005.

9. Upon information and belief, Defendant Alltran Financial is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Alltran Financial sent a letter in response to a dispute;

   c. then sent a subsequent letter with the g-notice language;

   d. including the same account balance as the initial collection letter;

   e. with a different Alltran ID number than the initial collection letter;

   f. which initial collection letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A and Exhibit B, violate 15 U.S.C. § 1692e and § 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A and Exhibit B violate 15 U.S.C. § 1692e and § 1692g et seq.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, on or around September 20, 2021, Defendant Alltran Financial began collection on the Plaintiff.

21. Defendant Alltran Financial was collecting for an obligation that was allegedly incurred to Citibank, N.A. with an account ending in 2178.

22. Plaintiff maintains that she does not owe this debt.

23. The alleged debt arose out of a Citi Mastercard credit card associated with consumer goods.

24. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Citibank, N.A. later contracted Defendant to attempt collection on the subject account.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

28. Within 30 days of receiving Defendant's initial collection letter, Plaintiff exercised her right to dispute the debt by sending Defendant a dispute letter.

29. Defendant's subsequent handling of Plaintiff's dispute brings rise to the current action.

*Violation – October 21, 2021 Letter & October 28, 2021 Letter*

30. On or about October 21, 2021 Defendant Alltran Financial sent Plaintiff a response to her dispute regarding the alleged debt owed ("Letter 1"). A true and accurate copy of this letter from Defendant is **attached as Exhibit A**.

31. Towards the top of Letter 1, Defendant Alltran Financial states the current account balance is $6,458.56.

32. The balance in Letter 1 is associated with Alltran ID: 46788645.

33. Letter 1 states: "We have recently received your dispute related to the account referenced above. In response to your dispute, we will notify the creditor and attempt to respond to your specific concerns. We will not resume any collection acitivty until we or the creditor responds to your dispute. We appreciate your working with us on this matter and your patience while we attempt to address your concerns."

34. Plaintiff's understanding of the above paragraph was that collection activity would be suspended until Defendant verified whether the subject debt was accurate.

35. Then, surprisingly, on October 28, 2021, Defendant sent Plaintiff a subsequent letter ("Letter 2") which called into question the validity of Defendant's prior letter. A true and accurate copy of this letter from Defendant is **attached as Exhibit B**.

36. Letter 2 lists an account balance of $6,458.56, which matches the account balance on Letter 1.

37. However, this time, Letter 2 associates the debt with Alltran ID: 46865262, an entirely different account number than what was listed on Letter 1.

38. Furthermore, Letter 2 states: "Please remit payment in full of any undisputed amount, payable to Citibank, N.A., in the enclosed envelope."

39. Additionally, Letter 2 purports to include the language required by 15 U.S.C. § 1692g(a) in an *initial* collection letter.

40. Specifically, Letter 2 states, "unless you notify this office within 30 days after receving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor."

41. Plaintiff was understandably frustrated and confused after receiving Letter 2.

42. It was entirely unclear what Defendant intended by the statements included in Letter 2. A reasonable consumer under these circumstances could understand:

   a. Defendant reneged on their statement in Letter 1 that they would not resume any collection activity until verifying the account;

   b. Defendant verified the account, but failed to inform Plaintiff as to their findings;

   c. Letter 2 was for a different debt as it was associated with a different Alltran ID number;

   d. Defendant was restarting collection efforts, as they state "unless you notify this office within 30 days after receving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." Therefore Plaintiff would be required to re-dispute the debt.

43. These letters, when read together, are open to more than one reasonable interpretation.

44. After receiving Letter 2 Plaintiff expended time analyzing the letters and trying to make sense of them. She spoke to various people to try and understand what her options were for handling Defendant's collection efforts.

45. Plaintiff was upset that Defendant ignored her prior dispute and mocked her efforts to clarify whether this debt belonged to her or not.

46. Plaintiff felt betrayed that Defendant said they would not resume any collection activity until verifying the debt and then a week later resumed collection efforts as if Plaintiff had not disputed the subject debt altogether.

47. But for Defendant's actions, Plaintiff would have responded differently.

48. Any collection activities and communication conducted by debt collectors during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt, pursuant to 15 U.S. Code § 1692g(b).

49. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

51. Now, consumers have a right to receive proper notice of the amount of their debts and their right to dispute the validity of a debt. When a debt collector fails to provide the correct amount of the debt and/or fails to effectively inform the consumer of their right to dispute the validity of the debt, in violation of statutory law, the debt collector has harmed the consumer.

52. As a result of Defendant's deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

53. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Defendant violated §1692e:

    a. As each of the two letters described above (Letter 1 and Letter 2) have statements that are open to more than one reasonable interpretation, at least one of which is inaccurate;

    b. Falsely representing the character, amount, or legal status of the debt, in violation of § 1692e(2)(A)

    c. By making a false and misleading representations in violation of §1692e (10).

57. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

58. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61. Defendant violated Section 1692g(a) by providing an incorrect statement of Plaintiff's right to dispute the debt.

62. Pursuant to 15 USC §1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

63. Defendant violated Section 1692g(b) by engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rachel Kahn, individually and on behalf of all others similarly situated, demands judgment from Defendant Alltran Financial LP as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
March 31, 2022

Respectfully Submitted,

/s/ **Tamir Saland**
By: Tamir Saland, Esq.
Stein Saks, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500

tsaland@steinsakslegal.com
*Attorneys For Plaintiff*